**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| JAN RUHE, *individually*, and PAUL B. FERRARA, III, *as personal representative of the Estate of* CLAYTON MAC WHITE, *deceased*,<br><br>               Plaintiffs,<br><br>v.<br><br>BRUCE K. BOWEN, *individually*, and SOPRIS MEDICAL PRACTICE, P.C.,<br><br>               Defendants. | No. 2:15-cv-03792-DCN<br><br>**ORDER** |

This matter is before the court on plaintiffs Paul B. Ferrara, III ("Ferrara"), personal representative of the Estate of Clayton Mac White ("White"), and Jan Ruhe's ("Ruhe") (collectively, "plaintiffs") motion for default judgment, ECF No. 11, as well as defendants Bruce K. Bowen, MD ("Dr. Bowen") and Sopris Medical Practice, P.C.'s ("Sopris Medical") (collectively, "defendants") motion to dismiss for lack of personal jurisdiction and venue, ECF No. 20. For the reasons set forth below, the court grants defendants' motion to dismiss and finds plaintiffs' motion for default judgment to be moot.

## I. BACKGROUND

The instant dispute arises out of a medical malpractice and wrongful death action that plaintiffs filed against defendants on September 22, 2015 regarding Dr. Bowen's allegedly negligent treatment of White. Am. Compl. ¶ 28. Ruhe is a citizen and resident of Florida, id. ¶ 1, and Ferrara is the personal representative of White's estate which is

located in South Carolina.  Id. ¶ 2.  Sopris Medical is a business organized and existing under the laws of Colorado, with its principal place of business in Eagle, Colorado.  Id. ¶ 3l; Bowen Aff ¶ 2.  Dr. Bowen, a physician at Sopris Medical, is a citizen and resident of Colorado, which is the only state where he is licensed to practice medicine.  Am. Compl.  ¶ 4; Bowen Aff. ¶ 1.

Plaintiffs allege that Dr. Bowen began treating White on or about June 1, 2011, for chronic back pain, and that despite his knowledge of White's addiction and misuse of opioids, Dr. Bowen continued to overprescribe White opioids that ultimately led to White's fatal overdose from opioid and benzodiazepine intoxication on September 22, 2013.  Am. Compl. ¶ 10–23.  When Dr. Bowen cared for White, White lived primarily in Basalt, Colorado.  Bowen Aff. ¶ 4.

On September 22, 2015, plaintiffs filed the present action against Dr. Bowen and Sopris Medical, bringing the following two causes of action:  (1) negligence and medical malpractice against Dr. Bowen; and (2) vicarious liability for Dr. Bowen's negligence against Sopris Medical.  Am. Compl. ¶ 25–40.  Plaintiffs seek actual, consequential, incidental, economic and non-economic damages, including conscious pain and suffering, emotional distress and punitive damages, and attorneys' fees and costs.  Id. ¶ 31, 40. Plaintiffs contend that the court has general and specific personal jurisdiction over Dr. Bowen and Sopris Medical under South Carolina's long arm statute, S.C. Code § 36-2-803.  Id. ¶ 6.

Plaintiffs filed the present motion for default judgment against Sopris Medical Practice, P.C. on December 2, 2015.  Defendants filed a response on January 19, 2016. Defendants filed the present motion to dismiss for lack of personal jurisdiction and venue

on January 18, 2016.  Plaintiffs filed a response on February 18, 2016.  Defendants filed a

reply on February 26, 2016.  The motions have been fully briefed and are now ripe for

the court's review.

## II.  STANDARD

### A.     Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue

When the defendant challenges personal jurisdiction, the plaintiff has the burden

of showing that jurisdiction exists.  See In re Celotex Corp., 124 F.3d 619, 628 (4th Cir.

1997).  When the court decides a personal jurisdiction challenge without an evidentiary

hearing, the plaintiff must prove a prima facie case of personal jurisdiction.  See Mylan

Labs, Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993).  "In considering the challenge on

such a record, the court must construe all relevant pleading allegations in the light most

favorable to the plaintiff, assume credibility, and draw the most favorable inferences for

the existence of jurisdiction."  In re Celotex Corp., 234 F.3d at 628 (quoting Combs v.

Bakker, 886 F.2d 673, 676 (4th Cir. 1989)).  However, the court need not "credit

conclusory allegations or draw farfetched inferences."  Masselli & Lane, PC v. Miller &

Schuh, PA, 215 F.3d 1320 (4th Cir. 2000).

### B.     Motion for Default Judgment

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure,

which provides for entry of a default "[w]hen a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend as provided by these

rules."  Fed. R. Civ. P. 55(a).  Entry of a default judgment is left to the discretion of the

court.  CT & TEV Sales, Inc. v. 2AM Grp., LLC, No. 7:11-1532, 2012 WL 1576761, at

*2 (D.S.C. May 2, 2012). A court must "exercise sound judicial discretion" in deciding whether to enter default judgment, and "the moving party is not entitled to default judgment as a matter of right." Id. A party, however, may oppose entry of a default judgment and "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c).

### III.  DISCUSSION

Defendants move to dismiss plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing the court lacks personal jurisdiction over them and that venue is improper. Def.'s Mot. 1. Plaintiffs assert that jurisdiction is proper under South Carolina's long-arm statute and that the court should grant limited discovery on the jurisdictional issue. Pl.'s Resp. 1. The court finds that it lacks personal jurisdiction over this case and that venue is improper. As a result, plaintiffs' motion for default judgment is moot.

### A.    Motion to Dismiss Pursuant to FRCP 12(b)(2) for Lack of Personal Jurisdiction

In evaluating a challenge to personal jurisdiction under a state's long-arm statute, the court engages in a two-step analysis. Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474 (4th Cir. 1993). First, the long-arm statute must authorize the exercise of jurisdiction under the facts presented. Id. Second, if the statute does authorize jurisdiction then the court must determine if the statutory assertion of personal jurisdiction is consistent with due process. Id South Carolina's long-arm statute extends to the outer limits allowed by the Due Process Clause. Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002). Consequently, the only question before the court is whether the

exercise of personal jurisdiction would violate due process.  ESAB Grp., Inc. v.

Centricut, LLC, 34 F. Supp. 2d 323, 328 (D.S.C. 1999).

The due process test for personal jurisdiction involves two

components:  minimum contacts and fairness.  See World–Wide Volkswagen Corp. v.

Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).  Under the minimum

contacts test, a nonresident defendant must have certain minimum contacts such that the

suit does not offend "traditional notions of fair play and substantial justice."  International

Shoe Co., 326 U.S. at 316.  Due process is satisfied if the courts asserts personal

jurisdiction over a defendant who "purposefully avails itself of the privilege of

conducting activities within the forum state," Hanson v. Denckla, 357 U.S. 235, 253

(1958), such that it "should reasonably anticipate being haled into court there."  World–

Wide Volkswagen, 444 U.S. at 297.  After a showing of the defendant's purposeful

availment, the reasonableness inquiry balances any burden on the defendant against

countervailing concerns such as the plaintiffs' interest in obtaining relief and the forum

state's interest in the controversy.  See id. at 292.

Personal jurisdiction over a nonresident defendant can be either specific or

general.  ESAB Group, Inc., 126 F.3d at 623–24.  General jurisdiction arises when a suit

is unrelated to the defendant's contacts with the forum state, and can be exercised upon a

showing that the defendant's contacts are of a "continuous and systematic nature."  See

S.C. Code Ann. § 36–2–802; Helicopteros Nacionales de Colombia, S.A. v.  Hall, 466

U.S. 408, 416 (1984).  Specific jurisdiction arises when a cause of action is related to the

defendant's activities within the forum state.  See S.C. Code Ann. § 36–2–803;

Helicopteros, 466 U.S. at 414.

5

Defendants allege that the court has neither general nor specific personal jurisdiction over Dr. Bowen or Sopris Medical. Def.'s Mot. 6–10. In response, plaintiffs argue for limited jurisdictional discovery. Pl.'s Resp. 3. The court addresses each argument in turn.

### 1.    Personal Jurisdiction over Dr. Bowen and Sopris Medical

Although unclear from plaintiffs' briefing on the matter, it appears that plaintiffs believe that the court has general jurisdiction over Dr. Bowen because he treated White while White was visiting and residing in South Carolina, and specific jurisdiction because Dr. Bowen prescribed White narcotics electronically to pharmacies in South Carolina. Pl.'s Resp. 3. The court finds both of these arguments to be in error.

When analyzing general jurisdiction, the forum state for an individual is the individual's domicile. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011). Dr. Bowen is licensed to practice medicine in Colorado and practiced only in Colorado during the time that he cared for White. Bowen Aff. ¶ 1. Therefore, Dr. Bowen is domiciled in Colorado for purposes of jurisdiction. Where the defendant is not present in the forum state, for a court to have general jurisdiction over him he must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'" International Shoe Co., 326 U.S. at 316 (quoting Milliken v. Meyer, 311 U.S. 457 (1940)). The threshold level of minimum contacts required for general jurisdiction calls for a defendant to be engaged in longstanding business in the forum state such as maintaining an office or marketing products. ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707 (4th Cir. 2002).

6

Federal law is controlling on the issue of due process, <u>Amba Marketing Systems, Inc. v. Jobar International, Inc.</u>, 551 F.2d 784, 789 (9th Cir. 1977), but because South Carolina's long arm statute is coextensive with federal due process, a recent South Carolina Supreme Court decision finding no personal jurisdiction against a non-resident physician and fertility clinic, <u>Coggeshall v. Reprod. Endocrine Assocs. of Charlotte</u>, 376 S.C 12, 655 S.E.2d 476 (2007), is persuasive additional authority for this court's decision.  In <u>Coggeshall</u>, South Carolina residents brought an action against a North Carolina-based fertility clinic and physician, alleging that the clinic's practice of referring patients to South Carolina healthcare providers and sending bills to South Carolina established sufficient minimum contacts for general jurisdiction.  <u>Id</u>, 655 S.E.2d at 479. The court disagreed, finding that "unsolicited patient contacts" and "tangential business dealings with vendors" were insufficient to support general jurisdiction.  <u>Id.</u> at 480. Compared to the physician and fertility clinic in <u>Coggeshall</u>, Dr. Bowen and Sopris Medical have far fewer contacts with South Carolina.  Neither Dr. Bowen nor Sopris Medical established an office in the South Carolina or systematically searched out patients in the state.  Dr. Bowen practices only in Colorado, and Sopris Medical does business and operates exclusively in Colorado.  Bowen Aff.  ¶ 1–2.  All of the prescriptions that Dr. Bowen wrote for White were written in Colorado, and all of the care that Dr. Bowen provided for White through Sopris Medical occurred in Colorado. Bowen Aff. ¶ 5–7. Therefore, the court finds there is no general jurisdiction over Dr. Bowen or Sopris Medical.

Defendants next argue that the court has no specific jurisdiction. The Fourth Circuit applies a three-part test when evaluating the propriety of exercising specific

jurisdiction: (1) whether and to what extent the defendant purposely availed itself of the privileges of conducting activities in the forum state, and thus invoked the benefits and protections of its laws; (2) whether the plaintiffs' claims arise out of those forum-related activities; and (3) whether the exercise of jurisdiction is constitutionally "reasonable." Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215–216 (4th Cir. 2001) (citing Helicopteros, 466 U.S. at 414–16; Burger King, 471 U.S. at 472, 476–77).

The first prong of the Nolan test for specific jurisdiction concerns whether a defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 877 (2011) (quoting Hanson, 357 U.S. at 253). The "purposeful availment" element ensures that a defendant will not be haled into court in a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts or the unilateral activity of another person or third party. Burger King, 471 U.S. at 475. Even a single contact with the forum state can constitute purposeful availment sufficient to satisfy due process requirements. Id. at 475 n.18 ("So long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction."). The Fourth Circuit has held that a "single transaction is a sufficient contact to satisfy [due process] if it gives rise to the liability asserted in the suit." Hardy v. Pioneer Parachute Co., 531 F.2d 193, 195 (4th Cir. 1976).

Due to the nature of medical services, courts generally decline to exert jurisdiction over out-of-state physicians unless there are countervailing circumstances indicating that the physician purposefully availed himself of the forum state. See e.g.,

8

Allegiant Physicians Servs., Inc. v. Sturdy Mem'l Hosp., 926 F. Supp. 1106 (N.D. Ga. 1996) (Nonresident physicians lacked minimum contacts with forum state for exercise of personal jurisdiction), Cossaboon v. Maine Med. Ctr., 600 F.3d 25 (1st Cir. 2010) (Maine hospital had insufficient contacts with New Hampshire to permit exercise of general personal jurisdiction in New Hampshire); Ashton v. Florala Mem'l Hosp., No. 2:0:CV:226, 2006 WL 2864413 (M.D. Ala. Oct. 5, 2006) (no personal jurisdiction in Alabama over a Florida-based opthamologist even though he accepted Alabama patients). A defendant's mere knowledge that a plaintiff will suffer negative effects in a given forum is insufficient to support jurisdiction; the defendant's intentional contacts must connect it with the forum state. Walden v. Fiore, 134 S. Ct. 1115, 1126 (2014) ("[T]he mere fact that his conduct affected plaintiffs with connection to the forum State does not suffice to authorize jurisdiction.")  Here, Dr. Bowen had no such intentional contacts with South Carolina that would allow this court could exercise general or specific jurisdiction over him.

Plaintiffs allege that this court has specific jurisdiction because Dr. Bowen prescribed narcotics to White through pharmacies located in South Carolina, Am. Compl. ¶ 21, and Dr. Bowen or another member of the Sopris Medical staff spoke with a pharmacy in South Carolina about White's prescriptions.  Pl.'s Resp. 3.  However, this conduct is not sufficient to find jurisdiction over Dr. Bowen because it does not demonstrate that he "personally availed himself of the forum state."  Tortious injury occurs in the forum state where the physician gave medical treatment, not where the patient resides.  See Wright v. Yackley, 459 F.2d 287 (9th Cir. 1972).  To find otherwise

would subject non-resident physicians to litigation in every state where a patient happens to move to after treatment.

In Wright, the Ninth Circuit found that the District of Idaho had no personal jurisdiction in a medical malpractice case where the plaintiff moved to Idaho and filled a prescription issued by South Dakota doctor.  Similarly, the district court in Boyd v. Green, 496 F. Supp. 2d 691 (W.D. Va. 2007) ruled that a plaintiff in a wrongful death action could not use the jurisdiction where prescriptions were filled as a means to establish personal jurisdiction over a physician in that jurisdiction when it was the plaintiffs' action that led to prescriptions being filled in that state, even when the doctor called in the prescriptions to a pharmacy.  Applying the holdings in Wright and Boyd, here Dr. Bowen's alleged prescription of narcotics to pharmacies in South Carolina is not sufficient to find jurisdiction over Dr. Bowen because it does not demonstrate that he personally availed himself of South Carolina.

In Gelineau v. New York Univ. Hosp., 375 F. Supp. 661 (D.N.J. 1974), the court found that medical services are personal services that are "not directed to impact on any particular place, but are directed to the needy person himself . . . it would be fundamentally unfair to permit a suit in whatever distant jurisdiction the patient may carry out the consequences of his treatment."  Following this reasoning, it would be "fundamentally unfair" to allow a suit against Dr. Bowen or Sopris Medical in South Carolina simply because White chose to fill his prescriptions in South Carolina.  In Sanders v. Buch, 938 F. Supp. 532 (W.D. Ark. 1996) the district court found that a Texas doctor who treated a then-Texas resident in Texas was not subject to personal jurisdiction in Arkansas after the patient moved to Arkansas.  Similarly, Dr. Bowen only provided

10

care for White in Colorado.  Bowen Aff. ¶ 5.  Even if, as plaintiffs allege, Dr. Bowen or another member of the Sopris Medical staff spoke with the pharmacy in South Carolina to electronically prescribe White narcotics, Pl.'s Resp. 3, this is not enough for personal jurisdiction.  It was White's, not Dr. Bowen's, actions that brought Dr. Bowen into contact with South Carolina—had White not moved to South Carolina, Dr. Bowen would have no reason to be in contact with South Carolina.  Wright, Boyd, and Sanders all support this court's conclusion that it has no specific personal jurisdiction over Dr. Bowen.

Plaintiffs also contend that the Court has personal jurisdiction over Sopris Medical pursuant to the South Carolina long-arm statute.  Am. Compl. ¶6.  The jurisdictional analysis for Sopris Medical is similar to that for Dr. Bowen.

The forum for a corporation is one in which "the corporation is fairly regarded as at home." Goodyear, 564 U.S. at 924.  Sopris Medical is a Colorado Professional Corporation that has its principal place of business in Eagle County, Colorado.  Am. Compl. ¶ 3, Bowen Aff. ¶ 2.  For all practical purposes, Sopris is limited to serving the patients of the Roaring Fork Valley and the immediately surrounding areas in Colorado.  Bowen Aff. ¶ 12.  Sopris Medical cannot be regarded as "at home" in South Carolina under the Goodyear test.

Where the defendant is not present in the forum state, for a court to have general jurisdiction over him he must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'" International Shoe, 326 U.S. at 316.  The threshold level of minimum contacts required for general jurisdiction calls for a defendant to be engaged in

11

longstanding business in the forum state such as maintaining an office or marketing products.  ALS Scan, Inc., 293 F.3d 707.

In Boyd, the court ruled that it had personal jurisdiction in Virginia over a Tennessee-based medical practice because one of the practice's physicians had patients in Virginia who she saw with a "degree of regularity and continuity."  Boyd, 496 F. Supp. 2d at 707.  However, there are no physicians at Sopris that supply care or any other services to anyone in South Carolina.  Bowen Aff. ¶ 9–10.  Sopris Medical is more like the hospital in Wolf v. Richmond Cty. Hosp. Auth., 745 F.2d 904 (4th Cir. 1984), where the Fourth Circuit found that there was no personal jurisdiction over a Georgia hospital in South Carolina even though the hospital received one-fifth of its income from South Carolina residents because the hospital did not advertise for or solicit South Carolina patients.  Similarly, Sopris Medical does not knowingly derive any revenue from South Carolina, and does not engage in any advertising or solicitation in the state.  Bowen Aff. ¶ 9–10.  Therefore, Sopris Medical does not possess minimum contacts with South Carolina for the purpose of personal jurisdiction.

The court finds that plaintiffs have failed to establish any grounds for specific or general jurisdiction over defendants.  Neither Dr. Bowen nor Sopris Medical has the "substantial, continuous, and systematic contacts" with South Carolina necessary for general jurisdiction.  Plaintiffs have also made no showing that defendants purposefully availed themselves of South Carolina.  Plaintiffs base their entire jurisdictional argument on the premise that White's unilateral activity of moving to South Carolina gives the court personal jurisdiction over defendants.  However, under the Due Process Clause, it is the defendant, not the plaintiff, that must initiate the conduct with the forum State.

<u>Walden</u>, 134 S. Ct. at 1122.  Neither Dr. Bowen nor Sopris Medical created any conduct with South Carolina.  Therefore, the court does not have personal jurisdiction here.

### 2.    Jurisdictional Discovery

Finally, plaintiffs argue that even if the court finds that he has failed to make a prima facie showing that personal jurisdiction over defendants is proper, the court should permit limited discovery on the jurisdictional issue.  Pl.'s Response 1.  Plaintiffs believe that discovery will "establish that Dr. Bowen prescribed narcotics electronically to pharmacies in South Carolina for use by the deceased, despite Dr. Bowen's knowledge that Mr.  White's prescriptions were still active and not yet fully expired."  <u>Id.</u> at 3.  However, as explained above, even if Dr. Bowen or another member of the Sopris Medical staff spoke with a pharmacy in South Carolina about White's prescriptions this is not enough to demonstrate that Dr. Bowen purposefully availed himself of the laws of South Carolina.

Plaintiffs argue that other evidence of personal jurisdiction may exist, and discovery is necessary "to determine the nature and extent of Dr. Bowen's relationship with the deceased while he was in South Carolina and the extent Dr. Bowen transacted business in South Carolina."  Pl.'s Resp. 4.  The Fourth Circuit has stated that "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery."  <u>Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.</u>, 334 F.3d 390, 402 (4th Cir. 2003) (citing <u>McLaughlinv. McPhail</u>, 707 F.2d 800, 806 (4th Cir. 1983)).  Allowing jurisdictional discovery where plaintiffs' claim of personal jurisdiction is based on bare allegations that the defendants had significant contacts with South Carolina would lead to a fishing

expedition conducted "in the hopes of discovering some basis of jurisdiction." <u>Base Metal Trading, Ltd. v. OJSC</u>, 283 F.3d 208, 216 n.3 (4th Cir. 2002). This court is within its discretion in denying jurisdictional discovery.

### B.     Motion to Dismiss for Lack of Venue

Defendants assert that venue is improper in the District of South Carolina under Federal Rule of Civil Procedure 12(b)(3) and the case should be dismissed.  Def.'s Mot. 11.  Having found that the court lacks personal jurisdiction over defendants, the court declines to dismiss this action and instead, exercises its discretion to transfer venue pursuant to 28 U.S.C. § 1406(a).  <u>See, e.g.</u>, <u>Nichols v. G.D. Searle & Co.</u>, 991 F.2d 1195, 1201 (4th Cir. 1993) (finding that the decision to transfer venue pursuant to § 1406(a) rests within the sound discretion of the district court); <u>Harley v. Chao</u>, 503 F.Supp.2d 763, 774 (M.D.N.C. 2007); ("Rather than dismissing for improper venue, courts favor finding that it is in the interest of justice to transfer venue."); <u>Gov't of Egypt Procurement Office v. M/V ROBERT E. LEE</u>, 216 F.Supp.2d 468, 473–74 (D.Md. 2002); <u>Jennings v. Entre Computer Ctrs., Inc.</u>, 660 F.Supp. 712, 714 (D.Me. 1987).

Under 12(b)(3), a party may move to dismiss a case for "improper venue."  Fed. R. Civ. P. 12(b)(3).  The question of whether venue is "improper" in a civil case is governed by 28 U.S.C. § 1391, <u>Atl. Marine Const. Co. v. U.S.  Dist. Court for W. Dist. of Texas</u>, 134 S.  Ct.  568, 577 (2013), which states that a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if

14

there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's

personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The District of South Carolina does not fall into any of the categories set out in

§ 1391(b).  First, none of the defendants reside in South Carolina.  Bowen Aff. at ¶¶ 1–2.

Second, almost all of the events and omissions giving rise to this action took place in

Colorado.  Plaintiffs argue that venue is proper in the District of South Carolina because

"the decedent was domiciled in South Carolina at the time of his death, the decedent's

estate is in the State of South Carolina, and Plaintiff Janet Ruhe and all other witnesses

are located in South Carolina and Florida."  Am. Compl. ¶ 7.  However, the venue

analysis focuses on whether venue is fair for the defendants, not the plaintiffs.  While

South Carolina may be a convenient forum for the plaintiffs and plaintiffs' witnesses, Dr.

Bowen states that defending this case in South Carolina would be "difficult and involve

significant costs to [Sopris Medical] and myself."  Bowen Aff. ¶ 2.  Therefore, venue is

improper in District of South Carolina.

Plaintiffs also attempt to use 28 U.S.C.A. § 1404 to argue that venue is proper.

Am. Compl. ¶ 7.  However, 28 U.S.C.A. § 1404 addresses change of venue, not the

appropriate forum for the initial filing, and is therefore irrelevant to the analysis of

whether the District of South Carolina is a proper venue for this case.

Having determined that venue is improper in South Carolina, defendants argue

that the case in South Carolina should be dismissed and that "if the plaintiffs wish to do

so" they can seek to refile it in Colorado.  Def.'s Mot.  14.  However, plaintiffs contend

15

that if the court were to dismiss this action without prejudice then plaintiffs would be unable to successfully refile in Colorado due to the shortened two-year statute of limitations under Colorado law.  Pl.'s Resp.  4.

When the court determines that venue is improper, it is within its discretion to transfer the case to the proper district if the court deems it to be "in the interest of justice." 28 U.S.C. § 1406(a).  Section 1406(a) "authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district." Porter v.  Groat, 840 F.2d 255, 258 (4th Cir.1988).  Here, defendant has indicated it will consent to a transfer of venue to the District of Colorado.  Def.'s Mot. 11 ("Under Section 28 U.S.C.  1391, Venue is Proper in Colorado, Not South Carolina.").  Venue is proper in the District of Colorado under § 1391(a)(1), as Dr. Bowen and Sopris Medical are both residents of Colorado and almost all of the events giving rise to plaintiffs' claim occurred in Colorado.  Since venue is proper in the District of Colorado, and the plaintiffs allege that they would be barred from refiling the case in Colorado due to Colorado's statute of limitations, the court deems it to be "in the interest of justice" to transfer it to the District of Colorado, Grand Junction division as opposed to dismissing it altogether.

Therefore, the court transfers Plaintiffs' case to the District of Colorado, Grand Junction division.  See 28 U.S.C. § 1391(b)(1).

**C.**    **Motion for Default Judgment**

As the court finds that it does not have personal jurisdiction over this case and that venue is improper in the District of South Carolina, the plaintiffs' motion for default judgment is moot.

## IV.   CONCLUSION

For the foregoing reasons, the court finds that it cannot exercise jurisdiction over Defendant.  However, rather than dismissing this action, the court transfers the action to the District of Colorado, Grand Junction division.  It also finds that the plaintiffs' motion for default judgment is thereby **MOOT**.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 26, 2016**
**Charleston, South Carolina**

17